DISTRICT OF OREGON
F I L E D
August 04, 2025
Clerk, U.S. Bankruptcy Court

Below is an order of the court.

*Teresa H. Pearson*
TERESA H. PEARSON
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>RUSSELL LAVERGNE BALDWIN,<br><br>Debtor. | Case No. 23-62324-thp7 |
| KENT SEIDA, JR., SUZANNE SEIDA, DAVID SEIDA, SEIDA LAND & LIVESTOCK, LLC and KENT SEIDA, SR.,<br><br>Plaintiffs,<br><br>v.<br><br>RUSSELL LAVERGNE BALDWIN,<br><br>Defendant. | Adversary Proceeding No. 24-6076-thp<br><br>MEMORANDUM DECISION RE CROSS MOTIONS FOR SUMMARY JUDGMENT[1] |

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it may have.

Page 1 of 16 –   MEMORANDUM DECISION RE CROSS MOTIONS FOR SUMMARY JUDGMENT

This matter came before the court on Plaintiffs' Motion for Summary Judgment[2] and Defendant's Motion for Summary Judgment.[3] The court has reviewed the declarations of Cassie Jones[4] and Russell Baldwin,[5] the Memorandum of Decision entered in the main bankruptcy case,[6] and the records and files of this adversary proceeding. For the reasons set forth below, this court will (a) grant the plaintiffs' motion for summary judgment in part and deny it in part, and (b) will deny the defendant's motion for summary judgment.

## Standard for Summary Judgment

The court shall grant summary judgment if the moving party shows there is no genuine dispute of material fact and that the moving party is entitled to judgment as a matter of law.[7] All facts and inferences must be viewed in the light most favorable to the nonmoving party.[8]

Once the moving party shows the absence of an issue of material fact, the non-moving party must go beyond the pleadings and designate specific facts showing a genuine issue for trial.[9] The nonmoving party then bears the burden of persuasion to show there is a material factual dispute remaining for trial.[10] A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact,[11] and summary judgment may be granted.[12] "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"[13]

---

[2] ECF No. 17, filed May 20, 2025.
[3] ECF No. 16, filed May 20, 2025.
[4] ECF No. 17, filed May 20, 2025; ECF No. 29, filed June 23, 2025.
[5] ECF No. 16, filed May 20, 2025; ECF No. 25, filed June 6, 2025; ECF No. 28, filed June 23, 2025.
[6] ECF No. 61, filed August 29, 2024, in Bankruptcy Court case no. 23-62324-thp13.
[7] Fed. R. Civ. P. 56(a), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).
[8] *Caneva v. Sun Cmtys. Operating L.P. (In re Caneva)*, 550 F.3d 755, 760 (9th Cir. 2008).
[9] *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553.
[10] *Caneva*, 550 F.3d at 761.
[11] *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989).
[12] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511 (1986).
[13] *Matsushita Elec. Indus. Co. v. Zenith Radio Co.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (citation omitted).

**Factual and Procedural Background**

On August 29, 2024, this court entered its Memorandum of Decision[14] on confirmation of debtor's chapter 13 plan after a two-day evidentiary hearing in which both debtor and plaintiffs actively participated. Based on the Main Case Memorandum Decision, the court entered an order converting the debtor's case from chapter 13 to chapter 7.[15] Although the debtor (the defendant herein) initially appealed the order converting the case,[16] he later abandoned prosecution of that appeal.[17] The District Court entered a judgment dismissing the appeal, and that judgment has become a final judgment.[18] Some of the findings of fact this court made in the Main Case Memorandum Decision are relevant to this adversary proceeding and are cited below. Other undisputed facts will be cited below when relevant.

**Analysis**

**A. Plaintiffs are Entitled to Summary Judgment Under 11 U.S.C. § 727(a)(2)**

The bankruptcy court may deny a chapter 7 debtor's discharge if "the debtor, with intent to hinder, delay, or defraud a creditor . . . has . . . concealed . . . (B) property of the estate after the date of the filing of the petition."[19]

"A party seeking denial of discharge under § 727(a)(2) must prove two things: '"(1) a disposition of property, such as transfer or concealment, and (2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act [of] disposing of the property.' A debtor's intent need not be fraudulent to meet the requirements of § 727(a)(2). Because the

---

[14] ECF No. 61, entered August 29, 2024, in Bankruptcy Court case no. 23-62324 (hereafter, the "Main Case Memorandum Decision").
[15] ECF No. 62, entered August 29, 2024, in Bankruptcy Court case no. 23-62324.
[16] ECF No. 78, filed September 27, 2024, in Bankruptcy Court case no. 23-62324.
[17] *See* ECF No. 6, filed on June 26, 2025, in District Court case no. 24-1642 (same document filed as ECF No. 137, on June 27, 2025, in Bankruptcy Court case no. 23-62324).
[18] *See* ECF No. 7, filed on June 26, 2025, in District Court case no. 24-1642 (same document filed as ECF No. 138, on June 27, 2025, in Bankruptcy Court case no. 23-62324). This Judgment has not been further appealed and became final after the deadline for appeal passed.
[19] 11 U.S.C. §727(a)(2).

Page 3 of 16 –   MEMORANDUM DECISION RE CROSS MOTIONS FOR SUMMARY
                 JUDGMENT

language of the statute is in the disjunctive it is sufficient if the debtor's intent is to hinder or delay a creditor."[20]

Undisputed facts show that the defendant concealed two significant assets of this estate with intent to hinder or delay plaintiffs.

First, defendant omitted from his bankruptcy schedules that he was entitled to receive a payment of $2,000 from the Oregon state court. He did not disclose this asset until trial on confirmation of his bankruptcy plan.[21] Defendant knew that he was guaranteed to receive this amount.[22] Although he had received a check for that amount, he had not cashed it, and the check burned up in a fire.[23] Defendant did not want to claim these funds because he was concerned that under the judgment benefit doctrine, he would be giving up his legal rights on his multiple appeals of claims related to the plaintiffs if he did so.[24]

In his written response to plaintiff's motion for summary judgment, defendant said nothing about his failure to schedule his right to the $2,000 as an asset. At oral argument, defendant asserted that he did disclose this $2,000, because it was part of the $140,000 lien he claimed. However, defendant's bankruptcy schedules did not disclose a $140,000 lien—at most, they disclosed a "Potential attorney lien against funds held in trust account at Jordan Ramis, PC Law Firm, currently on appeal (up to $455,000)."[25] According to documentation submitted by defendant in response to the motion for summary judgment,[26] the $2,000 was held by the Oregon

---

[20] *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010) (quoting *Hughes v. Lawson (In re Lawson)*, 122 F.3d 1237, 1240 (9th Cir. 1997) and citing *Bernard v. Sheaffer (In re Bernard)*, 96 F.3d 1279, 1281 (9th Cir. 1996)).
[21] Main Case Memorandum Decision, p. 6.
[22] *See* Declaration of Cassie Jones, ECF No. 17, filed May 20, 2025, ¶ 2, Exh. 1, p. 7 (state court judge held in general judgment that ". . . Mr. Baldwin knew he was guaranteed to get the $2,000 at some point.")
[23] Main Case Memorandum Decision, p. 6, ¶ 15.
[24] *Id.*
[25] Schedule A/B, response to question 33, ECF No. 17, p. 6 (p. 8 of the .pdf), in Bankruptcy Court case no. 23-62324.
[26] Declaration of Russell Baldwin, ECF No. 25, p. 5, ¶ 26, Exh. 14, pp. 33-34, 40-41.

Page 4 of 16 –   MEMORANDUM DECISION RE CROSS MOTIONS FOR SUMMARY
                 JUDGMENT

state court, not the Jordan Ramis law firm. This was not disclosure of the $2,000 debtor was entitled to receive from the Oregon state court.

Second, defendant omitted from his initial bankruptcy schedules that he was entitled to receive property from his parents' estates.[27] Defendant eventually amended his bankruptcy schedules to disclose this asset six months after the bankruptcy case was filed[28] and after the plaintiffs made efforts to subpoena defendant's brothers to obtain copies of defendant's parents' wills.[29] Defendant's amended bankruptcy schedules disclosed that his interest in his parents' estates was $78,000.[30]

In response to plaintiff's motion for summary judgment, defendant asserts that his answer to the question on the initial bankruptcy schedules about his entitlement to receive property from his parents' estates was accurate because "he was not currently entitled to receive property because someone has died."[31] This response is a red herring and does not create any issue of material fact. Defendant's assertion may explain why he did not disclose his entitlement to receive property from his parents' estates in response to question 32 on Schedule A/B. But it does not explain why defendant failed to disclose this property interest in response to question 25 on his initial Schedule A/B. After being pressed by plaintiffs regarding his interest in his parents' estates, defendant eventually amended his bankruptcy schedules to disclose this asset in response to question 25 on Schedule A/B, not question 32.[32]

**B. Plaintiffs are Entitled to Summary Judgment Under 11 U.S.C. § 727(a)(4)**

The bankruptcy court may deny a chapter 7 debtor's discharge if "the debtor knowingly and fraudulently, in or in connection with the case – (A) made a false oath or account[.]"[33] "A

---

[27] Main Case Memorandum Decision, pp. 4-5, ¶ 10.
[28] Main Case Memorandum Decision, p. 5, ¶ 12.
[29] Main Case Memorandum Decision, p. 12, ¶¶ 39-42, n. 45.
[30] Amended Schedule A/B, response to question 25, ECF No. 4, filed June 17, 2024, in Bankruptcy Court case no. 23-62324.
[31] Memorandum of Defendant in Opposition to Plaintiff's Motion for Summary Judgment, ECF No. 25, p. 6.
[32] See Main Case Memorandum Decision, p. 5, ¶ 12.
[33] 11 U.S.C. § 727(a)(4)(A).

Page 5 of 16 –   MEMORANDUM DECISION RE CROSS MOTIONS FOR SUMMARY
                 JUDGMENT

false statement or an omission in the debtor's bankruptcy schedules or statement of financial affairs can constitute a false oath."[34] "The fundamental purpose of § 727(a)(4)(A) is to insure that the trustee and creditors have accurate information without having to conduct costly investigations."[35]

To prevail on a § 727(a)(4)(A) claim, "a plaintiff must show, by a preponderance of the evidence, that: '(1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently.'"[36] "A fact is material 'if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property.'"[37] "A debtor 'acts knowingly if he or she acts deliberately and consciously.'"[38] A debtor may act knowingly if the debtor deliberately and consciously signs the schedules and statement of financial knowing they are incomplete.[39]  In cases of omitted information, a party seeking denial of discharge must prove that the debtor "acted deliberately and consciously in failing to make . . . disclosures."[40]

To establish that the debtor's false oath was made fraudulently the moving party must show intent.  "Intent is usually proven by circumstantial evidence or by inferences drawn from the debtor's conduct."[41]  "Reckless indifference or disregard for the truth may be circumstantial evidence of intent, but is not sufficient, alone, to constitute fraudulent intent."[42]  But "the

---

[34] *Khalil v. Devs. Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163, 172 (9th Cir. BAP 2007), *aff'd*, 578 F.3d 1167 (9th Cir. 2009).
[35] *Fogal Legware of Switz., Inc. v. Wills (In re Wills)*, 243 B.R. 58, 63 (9th Cir. BAP 1999).
[36] *In re Retz*, 606 F.3d at 1197 (*quoting Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 882 (9th Cir. BAP 2005), *aff'd sub nom., Erhard v. Roberts (In re Roberts)*, 241 F. App'x 420 (9th Cir. 2007)).
[37] *In re Retz,* 606 F.3d at 1198 (*quoting In re Khalil*, 379 B.R. at 173).
[38] *Id.*
[39] *In re Retz,* 606 F.3d at 1198.
[40] *In re Roberts*, 331 B.R. at 884.
[41] *In re Retz*, 606 F.3d at 1199 (*citing Devers v. Bank of Sheridan, Mont. (In re Devers)*, 759 F.2d 751, 753-54 (9th Cir. 1985); *see also In re Roberts*, 331 B.R. at 884).
[42] *In re Retz*, 606 F.3d at 1199 (*citing In re Khalil*, 379 B.R. at 172).

existence of more than one falsehood, together with a debtor's failure to take advantage of the opportunity to clear up all inconsistencies and omissions, such as when filing amended schedules, *can* be found to *constitute reckless indifference to the truth* satisfying the requisite finding of intent to deceive."[43]

Defendant made several false oaths in this case. First, defendant submitted bankruptcy schedules showing that he had $1,500 of monthly income from disability insurance, even though he did not have any disability insurance income, and his claims for disability insurance had been repeatedly denied.[44] Defendant's income is a material fact in a chapter 13 case, because it is directly relevant to whether he can fund a feasible plan. Defendant does not seek to explain this false oath in response to plaintiff's motion for summary judgment.

Second, defendant omitted from his bankruptcy schedules that he was entitled to receive a payment of $2,000 from the Oregon state court.[45] This asset was material, as it constituted funds that would be available to pay to creditors. As explained above,[46] defendant's assertion that he disclosed a lien claim against funds held by the Jordan Ramis law firm does not demonstrate that he disclosed this asset.

Third, defendant omitted from his initial bankruptcy schedules that he was entitled to receive property from his parents' estates.[47] Defendant eventually amended his bankruptcy schedules to disclose this asset six months after the bankruptcy case was filed[48] and after the plaintiffs made efforts to subpoena defendant's brothers to obtain copies of defendant's parents' wills.[49] Defendant's amended bankruptcy schedules disclosed that his interest in his parents' estates was $78,000. This asset was material, as it constituted significant funds that would be

---

[43] *In re Khalil*, 379 B.R. at 175 (citation omitted) (emphasis in original).
[44] Main Case Memorandum Decision, p. 2, ¶ 2.
[45] Main Case Memorandum Decision, p. 6, ¶ 15.
[46] See pp. 4-5, *supra*.
[47] Main Case Memorandum Decision, pp. 4-5, ¶ 10.
[48] Main Case Memorandum Decision, p. 5, ¶ 12.
[49] Main Case Memorandum Decision, p. 12, ¶¶ 39-42, n. 45.

Page 7 of 16 –   MEMORANDUM DECISION RE CROSS MOTIONS FOR SUMMARY
                JUDGMENT

available to pay to creditors.  As explained above,[50] defendant's only argument to refute this (regarding the language of question 32 on Schedule A) does not create a genuine issue of material fact, or address why defendant did not disclose this asset in response to question 25 of Schedule A/B.

There are sufficient undisputed facts from which the court can conclude that defendant made his false oaths and omissions knowingly.  Defendant's schedules were inaccurate in multiple respects.  Defendant signed bankruptcy schedules that wrongly stated he was receiving disability income he was not receiving, and did not disclose assets he knew he had.  One of the assets, the $2,000 owed to defendant by the Oregon state court, was not disclosed until trial.  Another asset, the defendant's interest in his parents' estates, was not disclosed until after plaintiffs pressed the issue.  Moreover, defendant is an experienced attorney.  He is quite capable of reading legal documents and understanding the importance of filing true and correct bankruptcy schedules under the penalty of perjury.  Taken as a whole, these facts, along with defendant's evident and undisputed desire to avoid paying the plaintiffs, establishes intent.

### C. Plaintiffs are Not Entitled to Summary Judgment on Their Claim Under 11 U.S.C. § 523(a)(6).

In bankruptcy, a debt is not dischargeable if the debt is "for willful or malicious injury by the debtor to another entity or to the property of another entity."[51]  Plaintiffs must prove both (1) willfulness and (2) maliciousness.  Willfulness requires that the debtor "has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct."[52]  Maliciousness requires: (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.[53]

Plaintiffs ask the court to infer, from the fact that the state court awarded them an enhanced prevailing party fee, that defendant acted willfully and maliciously in suing them in

---

[50] See p. 5, *supra*.
[51] 11 U.S.C. § 523(a)(6).
[52] *Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1206 (9th Cir. 2010).
[53] *Id.*, 591 F.3d at 1207.

Page 8 of 16 –   MEMORANDUM DECISION RE CROSS MOTIONS FOR SUMMARY
                 JUDGMENT

state court for attorney fees.[54]  After thorough review of each of the voluminous documents attached to the declarations submitted by both plaintiffs and defendant, the court does not find it appropriate to award summary judgment on this claim.  It is abundantly clear that both Kent Seida and Russell Baldwin were using litigation and bar complaints to try to vindicate what they believed to be their legal rights.  The court finds that there is a question of material fact regarding whether defendant had a subjective motive to inflict injury (as opposed to merely pursuing legal rights he believed—rightly or wrongly—that he possessed).

**D. Plaintiffs are Entitled to Summary Judgment on the Defendant's Affirmative Defense and Counterclaim of Illegality.**

Plaintiffs seek summary judgment on defendant's affirmative defense and counterclaim of illegality.  Defendant argues that the judgments in favor of the plaintiffs in state court are illegal and void *ab initio* because he believes they violate Oregon law.  Defendant has already appealed those judgments and has not prevailed.[55]  The U.S. Supreme Court has already denied certiorari on his appeal.[56]  The plaintiffs' judgments are final.[57]  This court must recognize the validity of those judgments because this court must give full faith and credit to final judgments of a state court.[58]

The Rooker-Feldman doctrine precludes parties who lose in state court from seeking appellate relief from a federal court.[59]  Defendant argues that, despite the Rooker-Feldman doctrine, a federal court can ignore a judgment that is void *ab initio*, citing a decision from a magistrate judge in Texas.[60]  In that case, a judgment debtor argued that a default judgment was void because it had never been served with the complaint.  The court held that the Rooker-Feldman doctrine did not apply, because the judgment was void for lack of notice and due

---

[54] Plaintiffs' Motion for Summary Judgment, p. 9.
[55] Main Case Memorandum Decision, p. 16.
[56] *Id.*
[57] *Id.*
[58] *Chinichian v. Campolongo, (In re Chinichian)*, 784 F.2d 1440, 1443-44 (9th Cir. 1986).
[59] *Cogan v. Trabucco*, 114 F.4th 1054, 1057 (9th Cir. 2024).
[60]  *U.S. Bank Trust v. Kingman Holdings, LLC,* 4:23-cv-00597, 2025 WL 1553436, *5 (Magistrate Judge Bill Davis, E.D. Texas, Sherman Division, May 30, 2025).

Page 9 of 16 –    MEMORANDUM DECISION RE CROSS MOTIONS FOR SUMMARY JUDGMENT

process. However, the court acknowledged that the Rooker-Feldman doctrine precludes the federal court from reviewing judgments that are erroneous but not void.[61]

Defendant argues repeatedly that the state court judgments in favor of plaintiffs are void *ab initio*, relying on case law that he believes establishes that the state court made an erroneous legal decision about his lien rights. However, there is a difference between a judgment being void *ab initio* and a case merely being wrongly decided under the law.[62] The Oregon Supreme Court has recognized that "[t]he question whether a judgment is right or wrong is a very different one from whether it is valid or void. Although it is the aim of courts to decide rightly, yet the power to decide necessarily carries with it the power to decide wrong as well as right; and where a court has jurisdiction, the judgment or determination is binding and obligatory until reversed, without reference to the question whether it is right or wrong . . . ."[63] Defendant's arguments that the plaintiffs' judgments are legally erroneous are not sufficient for this court to determine that the judgments are void *ab initio* under Oregon law. Defendant has made no argument that the state court lacked jurisdiction over him, and it is clear from the record that defendant was an active participant in the state court proceeding.[64]

Under the Rooker-Feldman doctrine, this court cannot and will not determine whether the judgments of the Oregon state court are legally erroneous. That is a matter for the Oregon state appellate courts, who have already ruled on the defendant's appeals.

### E. Plaintiffs are Entitled to Summary Judgment on the Defendant's Affirmative Defense of Issue Preclusion.

Plaintiffs seek summary judgment on the defendant's affirmative defenses of issue preclusion. Defendant asserts that the prior administrative orders of the Oregon State Bar preclude the plaintiffs' claims.

---

[61] *Id.*
[62] *Linn Cnty. v. Rozelle*, 177 Or. 245, 282, 162 P.2d 150, 165 (1945).
[63] *Id.* (cleaned up; internal citation omitted).
[64] *See, e.g.*, Declaration of Cassie Jones, ECF No. 17, filed May 20, 2025, Exh. 1 (General Judgment of the state court, describing debtor's actions before and during trial).

Page 10 of 16 – MEMORANDUM DECISION RE CROSS MOTIONS FOR SUMMARY JUDGMENT

Issue preclusion applies in actions under sections 523(a) and 727.⁶⁵ This court must apply the law of the state that rendered a state court judgment to determine the preclusive effect of the judgment in a subsequent federal suit (including a dischargeability proceeding).⁶⁶ Under Oregon law, applicable here, issue preclusion bars relitigation of an issue of law or fact when that issue or fact has been determined in a prior proceeding.⁶⁷ "If a claim is litigated to final judgment, the decision on a particular issue or determinative fact is conclusive in a later or different action between the same parties if the determination was essential to the judgment."⁶⁸ Issue preclusion applies both to issues of fact and issues of law.⁶⁹

In Oregon, the requirements for the application of issue preclusion are: (1) the issue in the two proceedings is identical; (2) the issue was actually litigated and was essential to a final decision on the merits in the prior proceeding; (3) the party sought to be precluded has had a full and fair opportunity to be heard on that issue; (4) the party sought to be precluded was a party or was in privity with a party to the prior proceeding, and (5) the prior proceeding was the type of proceeding to which the court will give preclusive effect.⁷⁰ At the summary judgment stage, issue preclusion applies as a matter of law only if it can be conclusively established from the record that all these requirements are satisfied.⁷¹

In this case, the first element for issue preclusion is not satisfied and issue preclusion does not apply. The factual and legal issues in this case are not identical to those in the Oregon

---

⁶⁵ *Peltier v. Van Loo Fiduciary Servs., LLC (In re Peltier)*, 643 B.R. 349, 357-58 (9th Cir. BAP 2022) *citing Grogan v. Garner*, 498 U.S. 279, 111 S. Ct. 654 (1991) (actions under section 523(a)); *Asphalt Profs., Inc. v. Davis (In re Davis)*, No. 1:10-AP-01354-VK, 2019 WL 406680, *8 (9th Cir. BAP Jan. 31, 2019) (actions under sections 523(a) and 727).
⁶⁶ *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir. 1995). Federal courts are required to give state court judgments full faith and credit. 28 U.S.C. § 1738.
⁶⁷ *McCall v. Dynic USA Corp.*, 138 Or. App. 1, 5, 906 P.2d 295, 297 (1995).
⁶⁸ *N. Clackamas School Dist. v. White*, 305 Or. 48, 53, 750 P.2d 485, 487 (1988), *modified on recons.*, 305 Or. 468, 752 P.2d 1210 (1988).
⁶⁹ *Dinicola v. State*, 280 Or. App. 488, 497, 382 P.3d 547, 553 (2016) (*citing Drews v. EBI Cos.*, 310 Or. 134, 140, 795 P.2d 531, 535 (1990)).
⁷⁰ *Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 104, 862 P.2d 1293, 1296-97 (1993).
⁷¹ *Barackman v. Anderson (Barackman I)*, 338 Or. 365, 372, 109 P.3d 370, 374 (2005).

Page 11 of 16 –  MEMORANDUM DECISION RE CROSS MOTIONS FOR SUMMARY
                 JUDGMENT

State Bar proceeding. The court has thoroughly reviewed the voluminous documents defendant submitted regarding the bar complaints filed against him, his responses, and the Oregon State Bar's conclusions. The Oregon State Bar appears to have decided, in response to numerous complaints from some of the plaintiffs, that there was no cause to believe that defendant violated the Oregon Rules of Professional Conduct.[72]

The claims in this case for denial of discharge under the Bankruptcy Code do not involve the same facts or law as whether defendant violated the Oregon Rules of Professional Conduct. The claims for denial of discharge involve whether defendant disclosed his assets and income accurately in his bankruptcy case—events that occurred in this bankruptcy case long after the Oregon State Bar made its decisions regarding the bar complaints. The claim for nondischargeability involves enforcement of the obligation to pay a debt, while the Oregon State Bar was concerned with enforcing the Oregon Rules of Professional Conduct. The issues in these two types of proceedings are not identical.

### F. Plaintiffs are Entitled to Summary Judgment on the Defendant's Affirmative Defense of Res Judicata.

Plaintiffs seek summary judgment on defendant's affirmative defense of res judicata. Defendant asserts that the prior administrative orders of the Oregon State Bar preclude the plaintiffs' claims.

In Oregon, claim preclusion (also known as res judicata) "bars a party from relitigating the same claim against the same opponent or another claim that is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action."[73]

Claim preclusion/res judicata does not apply here. As set forth above,[74] claims for denial of discharge and nondischargeability are not the same as bar complaints asserting violations of

---

[72] *See, e.g.*, Declaration of Russell L. Baldwin in Reply on Defendant's Motion for Summary Judgment, ECF No. 28, filed June 23, 2025, p. 4, ¶ 15, Exh. 25, p. 1.
[73] *D'Amico v. Ellinwood*, 209 Or. App. 713, 717, 149 P.3d 277, 280 (2006) (cleaned up).
[74] See pp. 11-12, *supra*.

Page 12 of 16 –   MEMORANDUM DECISION RE CROSS MOTIONS FOR SUMMARY
                  JUDGMENT

the Oregon Rules of Professional Conduct. The plaintiffs could not have joined these claims in the bar proceeding, because the bankruptcy case had not been filed when the bar proceeding was pending. The Oregon State Bar has no jurisdiction to determine denial of discharge and nondischargeability in a bankruptcy case.[75]

**G. Plaintiffs are Entitled to Summary Judgment on the Defendant's Affirmative Defense of Advice of Counsel and Ineffectiveness of Counsel.**

Plaintiffs seek summary judgment on defendant's affirmative defense of advice of counsel and ineffectiveness of counsel. Debtor has not established that he can assert either affirmative defense. To prevail on an affirmative defense to a claim for denial of discharge based on advice of counsel, defendant must show that he made full disclosure of the relevant facts to his counsel.[76] Defendant has made no showing that he informed his bankruptcy attorney about the true status of his disability insurance income, the $2,000 owed to him from the Oregon state court, and his entitlement to receive property from his parents' estates. With respect to ineffectiveness of counsel, there is no right to counsel in a bankruptcy proceeding,[77] including in adversary proceedings involving the nondischargeability of debt.[78]

**H. Plaintiffs are Entitled to Summary Judgment on the Defendant's Affirmative Defense of Duress.**

Plaintiffs seek summary judgment on defendant's affirmative defense of duress. Defendant has not established this affirmative defense. The test for an affirmative defense of duress in a bankruptcy case is objective.[79] It "requires proof of: (1) an immediate threat of death or serious bodily injury that is constant and specific; (2) a well-grounded fear that the threat will be carried out; and (3) lack of a reasonable opportunity to escape the threatened harm."[80] The only threat defendant identifies is a single threat made to another attorney in another case, made

---

[75] *See McGhan v. Rutz (In re McGhan)*, 288 F.3d 1172, 1180 (9th Cir. 2002).
[76] *In re Retz*, 606 F.3d at 1201.
[77] *Hedges v. Resol. Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994).
[78] *Chunchai Yu v. Nautilus, Inc. (In re Chunchai Yu)*, 694 F. App'x 542, 543 (9th Cir. 2017).
[79] *Perez v. Carroll, In re Perez*, Adv. no. 20-90002-MM, 2022 WL 12720980 (9th Cir. BAP Oct. 18, 2022), *aff'd*, No. 22-60047, 2023 WL 5011750 (9th Cir. Aug. 7, 2023).
[80] *Id.* at *8 (citing *United States v. Gordon*, 526 F.2d 406, 407 (9th Cir. 1975)).

Page 13 of 16 –   MEMORANDUM DECISION RE CROSS MOTIONS FOR SUMMARY
                  JUDGMENT

sometime before February 2, 2022.[81] This does not satisfy any of the elements of duress that would apply to the claims in this case. Defendant presents no evidence of any threat to him at any time during this bankruptcy case.

### I. Plaintiffs are Entitled to Summary Judgment on the Defendant's Affirmative Defense of Failure to State a Claim.

Plaintiffs seek summary judgment on defendant's affirmative defense of failure to state a claim upon which relief can be granted. For the reasons set forth above, the plaintiffs have stated and proven claims under 11 U.S.C. § 727(a)(2) and (4). Although not subject to summary judgment, plaintiffs have also sufficiently asserted their claim under 11 U.S.C. § 523(a)(6). This affirmative defense lacks merit.

### J. Defendant is Not Entitled to Summary Judgment on His Counterclaim for Declaratory Judgment That He Has a Valid Attorney's Lien.

Defendant seeks summary judgment on his counterclaim for declaratory judgment that he holds a valid attorney's lien on amounts awarded to the plaintiffs in Oregon Circuit Court case no. 140225. He is not entitled to summary judgment on this counterclaim.

With respect to the $2,000 held by the Oregon state court, at the time the defendant filed his bankruptcy petition, he had an undisputed lien on that $2,000 and right to payment of those funds. Once the bankruptcy petition was filed, defendant's rights to those funds became property of the estate.[82] When the bankruptcy case was converted to chapter 7, the right to collect funds for the estate passed to the chapter 7 trustee.[83] The chapter 7 trustee has the exclusive right to collect those funds from the Oregon state court. With respect to all other funds awarded to the plaintiffs in Oregon Circuit Court case no. 140225, the Oregon state court has already decided that defendant is not entitled to further payment and has no right to those funds.[84]

---

[81] Declaration of Russell Baldwin, ECF No. 25, filed June 6, 2025, p. 6, ¶ 33 (referring to paragraph 27 of defendant's answer, ECF No. 8, Exhibit 5, pp. 3-5, ¶ 21).
[82] 11 U.S.C. § 541(a).
[83] 11 U.S.C. § 704(a)(1).
[84] Declaration of Cassie Jones, ECF No. 17, filed May 20, 2025, p. 2, ¶ 2, Exh. 1, pp. 10-11 (General Judgment in state court case no. 15CV12092).

Defendant asserts that he has filed and extended a notice of attorney's lien in Oregon Circuit Court case no. 140225.[85] Based on this, Defendant contends that his lien is vested and not subject to challenge, even though the Oregon state courts have already ruled against him in his separate action to foreclose that lien in Oregon Circuit Court case no. 15CV12092.[86] Defendant misunderstands the nature of an enforceable lien right. To have an enforceable lien under Oregon law, a creditor must (a) be owed money, and (b) have a security interest, claim, encumbrance, or charge on property.[87] If there is no debt, there is no lien.[88] Although defendant has filed a claim of lien to assert his security interest, the Oregon state court has already decided that defendant is not owed more than the undisputed $2,000.[89] He has a bare security interest that supports no other debt. Because defendant was not owed any money (other than the undisputed $2,000, which the trustee can and presumably will collect for the estate), defendant has no enforceable lien right.

### K. Defendant is Not Entitled to Summary Judgment on His Counterclaim for Recoupment.

Plaintiffs seek summary judgment on defendant's counterclaim for recoupment. Defendant cannot assert a counterclaim for recoupment as a matter of law. Recoupment is not a claim; it is an equitable doctrine that allows a defendant to abate or reduce the amount defendant owes on a claim asserted by a plaintiff, based on facts arising from the same transaction or occurrence asserted in plaintiff's claim.[90] Defendant also cannot assert recoupment as an affirmative defense in this case because plaintiffs do not seek a money judgment against defendant. Plaintiffs already have money judgments against defendant from the Oregon state

---

[85] Declaration of Russell Baldwin, ECF No. 25, filed June 6, 2025, p. 2, ¶¶ 6-7, Exh. 6, pp. 1-8.
[86] Declaration of Cassie Jones, ECF No. 17, filed May 20, 2025, p. 2, ¶ 2, Exh. 1.
[87] *Westwood Homeowners Ass'n, Inc. v. Lane Cnty.*, 318 Or. 146, 150, 864 P.2d 350, 355 (1993), *opinion adhered to as modified on reconsideration*, 318 Or. 327, 866 P.2d 463 (1994).
[88] *Id.*
[89] Declaration of Cassie Jones, ECF No. 17, filed May 20, 2025, p. 2, ¶ 2, Exh. 1, pp. 10-11 (General Judgment in state court case no. 15CV12092).
[90] *Cooper v. Soc. Sec. Admin.*, 131 F.4th 995, 1008 (9th Cir. 2025).

Page 15 of 16 –  MEMORANDUM DECISION RE CROSS MOTIONS FOR SUMMARY JUDGMENT

courts.[91] Instead, plaintiffs seek only denial of debtor's discharge and nondischargeability of the debts owed by defendant. Defendant asserts he is entitled to recoupment because plaintiffs owe him money and he has a judgment lien.[92] The Oregon courts have already decided that the plaintiffs do not owe defendant any money.[93] For the reasons set forth above,[94] defendant does not have an enforceable lien.

## Conclusion

For the reasons set forth above, this court will grant plaintiffs' motion for summary judgment on their claims pursuant to 11 U.S.C. §§ 727(a)(2)(B) and (a)(4), on defendant's affirmative defenses, and on defendant's counterclaims. The court will deny plaintiffs' motion for summary judgment on their claim pursuant to 11 U.S.C. § 523(a)(6). The court will deny defendant's motion for summary judgment.

###

---

[91] Main Case Memorandum Decision, pp. 7-9.
[92] Memorandum of Defendant in Opposition to Plaintiffs' Motion for Summary Judgment, ECF No. 25, filed June 6, 2025, p. 8.
[93] Declaration of Cassie Jones, ECF No. 17, filed May 20, 2025, p. 2, ¶ 2, Exh. 1.
[94] See p. 15, *supra*.

Page 16 of 16 –   MEMORANDUM DECISION RE CROSS MOTIONS FOR SUMMARY
                  JUDGMENT